# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| GARRETT HUBBARD,          ) | |
|     Plaintiff,               ) | |
|                                             ) | |
| v.                                        ) | Case No. 4:19-CV-1881 |
|                                             ) | |
| COWABUNGA, INC., d/b/a  ) | |
| DOMINO'S, et al.,              ) | |
|     Defendants.           ) | |

## MEMORANDUM OPINION

Plaintiff Garrett Hubbard ("Hubbard") sued Defendants Cowabunga Incorporated d/b/a Domino's ("Cowabunga"), R&E Pizza LLC ("R&E Pizza"), and Wesley Stearns ("Sterns") in state court. Cowabunga removed the case to this court. Doc. 1. Hubbard has moved the court to remand. Doc. 24. For the reasons stated, the court finds that removal was proper and thus denies Hubbard's motion.

### I.   Background

This case arises from a car wreck, in which Tristin Barnes ("Barnes") allegedly hit Hubbard while Barnes was delivering Domino's pizza. Hubbard alleges that Barnes was working for Cowabunga and R & E Pizza at the time. *Id.* at 4, 5.

Hubbard (an Alabama citizen) sued Cowabunga, R&E Pizza, and Sterns in St. Clair County Circuit Court. Doc. 1-1 at 4. Cowabunga removed the case to this court, alleging that (a) the amount in controversy exceeds $75,000 and (b) complete diversity of citizenship exists between Hubbard and all *properly joined* defendants.

Doc. 1 at 2. The court emphasizes 'properly joined' because Sterns and R&E Pizza are Alabama citizens, which would destroy diversity. But Cowabunga alleges that R&E Pizza and Sterns are fraudulent defendants, which if true, means that only Cowabunga (a Georgia citizen) counts towards diversity. *Id.*

Since Defendants removed the case, Hubbard has filed an amended complaint that added R&E Business Properties LLC ("R&E Prop") (doc. 14); Cowabunga has filed a motion for summary judgment (doc. 17); and R&E Pizza has moved to dismiss (doc. 23).

After these motions and amendment were filed, Hubbard filed a Motion to Remand back to state court. Doc. 24. In his motion, Hubbard makes two arguments. First, Hubbard argues that Cowabunga did not properly provide the supporting documentation for the Notice of Removal. *Id.* at 3, 4. But that issue is moot because, as Hubbard concedes (doc. 24 at 3, 4), Cowabunga remedied its deficiency (doc. 26) with documents it had provided Hubbard.

Second, Hubbard argues that he pleaded legitimate claims against both R & E Pizza and Sterns, which if true, would mean those Defendants destroy complete diversity. *Id.* at 4-7. Because this issue affects the court's jurisdiction, the court must decide it before considering the pending motion for summary judgment (doc. 17) and motion to dismiss (doc. 23).

## II.     Standard

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). For removal to be proper, the federal court must have subject matter jurisdiction over the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 286, 392 (1987). Any doubts regarding removal should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

When determining whether to remand a case, district court must evaluate facts in a light most favorable to plaintiff along with uncertainties of state law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). In the fraudulent joinder context, courts use a procedure like summary judgment. *Id*. To prevent needless litigation—when a party obtains judgment in federal court to later be invalidated due lack of jurisdiction—the court must strictly enforce the removal statutes. *Id*.

To prove fraudulent joinder a defendant must prove either (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident

defendant into state court. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The defendant must make this showing by clear and convincing evidence. *Id.* The parties named in the complaint at the time of removal are the only parties relevant for this analysis. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)

### III.   ANALYSIS

Only the claims Hubbard asserted against R&E Pizza and Sterns at the time of removal matter. So the court looks to Hubbard's original complaint (doc. 1). In it, Hubbard alleged negligent and/or wanton conduct against R&E Pizza by respondeat superior (Count 1) and negligent and/or wanton hiring, training, and supervision against R&E Pizza and Sterns (Counts 2-4). Doc. 1-1 at 6-9. Because Cowabunga does not claim that Hubbard fraudulently pled jurisdictional facts, the only question is whether these claims against R&E Pizza and Sterns are viable under state law.

#### A. Respondeat Superior (Count 1: R&E Pizza)

Under Alabama law, "[t]o recover against a defendant under the theory of respondeat superior, it is necessary for the plaintiff to establish the status of employer and employee—master and servant." *Ware v. Timmons*, 954 So. 2d 545, 549 (Ala. 2006) (quoting *Hendley v. Springhill Mem'l Hosp.*, 575 So.2d 547, 550 (Ala.1990)). Because a master-servant relationship must be consensual, to qualify as a master,


one must have the power to select the alleged servant. *Id*. at 552. An employer/employee relationship is determined by the degree of control the employer can exert over the employee. *Id.* at 549.

Cowbunga has provided a bill of sale that shows R&E Pizza sold most of their assets, including their business, to Cowabunga on January 12, 2015—more than two years before Barnes allegedly hit Hubbard. *See* Doc. 26, Ex. B. So R&E Pizza had zero control over Barnes, including the ability to dismiss Barnes, which precludes any employer/employee relationship. *See Ware* at 553.

Hubbard tries to create a question of fact in his reply brief (doc. 38) by noting that R&E's registration on the Alabama Secretary of State's website shows an active address at 7709 Parkway Drive—the location of Barnes's employment. But this does not disprove the bill of sale provided by Cowabunga, which shows that R&E Pizza sold its business to Cowabunga in 2015. Once R&E sold its business, it no longer employed anyone at the Parkway Drive address—including Barnes.

Because Cowabunga has shown by clear and convincing evidence that R&E Pizza exerted zero control over Barnes on the day of the accident, Hubbard cannot establish a cause of action against R&E Pizza under a respondeat superior theory.

### B. Hiring, Training, and Supervision (Sterns: Counts 2-4)

Alabama does not recognize a cause of action against a supervisor for negligent hiring, training, and supervision. *Osborne v. Cheatham*, No. 2:13-CV-01991-SGC, 2015 WL 9805823, at *6 (N.D. Ala. Sept. 30, 2015), report and recommendation adopted, No. 2:13-CV-01991-SGC, 2016 WL 159319 (N.D. Ala. Jan. 14, 2016); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1315 (S.D. Ala. 2001). Because no cause of action exists under the theory of hiring, training, and supervision against Sterns, Hubbard has no viable claim against him.

### C. Hiring, Training, and Supervision (R&E Pizza: Counts 2-4)

Under Alabama law, "[t]o prove a claim of negligent supervision, a plaintiff must show that the employer knew, or in the exercise of ordinary care should have known, that its employee was incompetent." *Gilmer v. Crestview Mem'l Funeral Home, Inc.*, 35 So. 3d 585, 596 (Ala. 2009). This means Hubbard must prove Barnes was an employee of R&E at the time of the accident. As noted in Part A, Barnes was not because R&E Pizza sold the business two years earlier. Doc. 26 Ex. C.

Undaunted, Hubbard theorizes that because "Barnes was hired and employed by R&E Pizza and/or Wesley Sterns before January 12, 2015" (the day R&E Pizza sold its business to Cowabunga), R&E can be held liable for Barnes' actions—more than two years after R&E sold its business. This theory is risible and dangerous, as

6

it would keep individuals who sell their business on the litigation hook in perpetuity, even for actions taken by persons over whom they ceded control long ago.

Because Cowabunga has shown by clear and convincing evidence that Barnes was not an employee of R&E Pizza at the time of the accident, Hubbard cannot establish a cause of action against R&E Pizza for negligent hiring, training, and supervision.

*  *  *

In short, Hubbard failed to plead a viable claim against Alabama residents R&E Pizza and Sterns, so those Defendants do not count in the jurisdictional equation. Because Hubbard and the remaining Defendant, Cowabunga, have diverse citizenships, Cowabunga properly removed this case to federal court.

## CONCLUSION

For the reasons stated above, Hubbard's motion for remand (doc. 24) is due to be **DENIED**. The court will enter a separate order carrying out this conclusion.

**DONE** on September 22, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE